# EXHIBIT A

SEAN T. PAYNE, ESQ. 275652019
GINARTE GALLARDO
GONZALEZ & WINOGRAD, LLP
400 MARKET STREET
NEWARK, NEW JERSEY 07105
(973)854-8400
Our File No.: 259217
Attorneys for Plaintiff Roberto Soto Cedeno

| | |
|---|---|
| ROBERTO SOTO CEDENO,<br><br>    ***Plaintiff,***<br><br>vs.<br><br>WALMART, INC., 300-400 PARK PLACE DR., INC. JOHN and JANE DOES 1-10, (fictitious unidentified individuals) and ABC CORP 1-10, (fictitious unidentifiable business entities)<br><br>    ***Defendants.*** | :   SUPERIOR COURT OF NEW JERSEY<br>:   LAW DIVISION: HUDSON COUNTY<br>:   DOCKET NO.: HUD-L-<br>:<br>:           CIVIL ACTION<br>:<br>:   **COMPLAINT, JURY DEMAND,**<br>:   **DESIGNATION OF TRIAL COUNSEL,**<br>:   **& DISCOVERY DEMANDS**<br>:<br>:<br>:<br>: |

Plaintiff, Roberto Soto Cedeno, residing 110 Park Plaza Drove in the City of Secaucus, County of Hudson and State of New Jersey, by way of Complaint against the defendants, hereby declares:

## FIRST COUNT

1.    On or about April 7, 2019, Plaintiff Roberto Soto Cedeno, was lawfully upon the premises of the Walmart Supercenter, operated by defendant Walmart, Inc., and which was located at 300-400 Park Place Drive in the City of Secaucus, County of Hudson, State of New Jersey.

2.    On the same date and time the property located at 300-400 Park Place Drive in the City of Secaucus, County of Hudson, and State of New Jersey was owned by defendant 300-400 Park Place Drive, Inc.

3.    On that date and prior thereto, such premises, including but not limited to the interior and exterior of said store, were owned, managed, supervised, maintained, constructed,

1

repaired, installed, and/or controlled by defendants Walmart, Inc, 300-400 Park Place Drive, Inc., John and Jane Does 1-10, and/or ABC Corps 1-10.

4.      Defendants, John and Jane Does 1-10 and ABC Corp. 1-10 are fictitious individuals corporations, public entities or business entities named herein for the expressed purpose of tolling the applicable statute of limitations and were either the owners, managers, supervisors, operators, constructed, repaired, and/or maintained the aforesaid premises.

5.      Defendants, breached their duties to plaintiff Roberto Soto Cedeno, by carelessly, recklessly, and negligently maintaining, repairing, managing, controlling, operating, constructing, and/or supervising the aforesaid premises and allowing a slippery substance to accumulate on the floor of said store.

6.      As a direct and proximate result of the aforesaid negligence of the Defendants and each of them, plaintiff, Roberto Soto Cedeno, was caused to slip and fall while walking within the aforementioned Walmart Superstore, sustained severe and permanent injuries, suffered and in the future will suffer considerable pain and distress, was required and will be required to obtain medical attention and treatment and was and will be prevented from engaging in normal activities and pursuits and has and will incur expenses for medical care and attention and has and will incur lost wages.

**WHEREFORE**, Plaintiff demands judgment against the defendants for damages, interest, attorney's fees, Court costs, and any other relief the Court deems fair and just.

## SECOND COUNT

1.      Plaintiff repeats and re-alleges the allegations of the first two Counts as though set forth herein.

2

2.      On the same date, defendants', including the fictitious defendants', negligent failure to remedy the dangerous and defective condition of the aforesaid premises constituted a breach of the duty of care owed to business invitees.

3.      As a result of the defendants' breach of this duty, plaintiff has sustained severe and permanent injuries; suffered and in the future will suffer considerable pain, was and will require to obtain medical attention and was and will be prevented from engaging in normal activities and pursuits and has and will incur lost wages.

**WHEREFORE**, Plaintiff demands judgment against the Defendants, for damages, interest, attorney's fees, Court costs, and any other relief the Court deems fair and just.

## THIRD COUNT

1.      Plaintiff repeats and re-alleges the allegations of the first three Counts as though set forth herein.

2.      On or about April 7, 2019, Defendants, including the fictitious defendants, negligently failed to warn, inform, notify, or otherwise advise plaintiff that a dangerous condition existed on said premises.

3.      As a result of the Defendants' negligence, Plaintiff sustained severe and permanent personal injuries of body, mind and emotion; endured excruciating pain and suffering; became disabled and impaired; incurred liabilities for medical care and treatment; lost employment earnings; and suffered a significant diminution in the quality and enjoyment of life.

**WHEREFORE**, Plaintiff demands judgment against the Defendants, for damages, interest, attorney's fees, Court costs, and any other relief the Court deems fair and just.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, the firm of Ginarte Gallardo Gonzalez & Winograd, LLP., attorneys for plaintiff, hereby appoint Sean T. Payne, Esq., as trial counsel.

## CERTIFICATION

I hereby certify that the within action is not the subject of any other action or arbitration proceeding nor is any contemplated.

**GINARTE GALLARDO
GONZALEZ & WINOGRAD, LLP**
Attorneys for Plaintiff


By: _/s/ Sean T. Payne_
Dated: March 22, 2021                    Sean T. Payne, Esq.

## DEMAND FOR ANSWERS TO INTERROGATORIES

Pursuant to Rule 4:17-1 et seq., Plaintiff hereby demands that all defendants provide answers to Form C and C(2) interrogatories.

## DEMAND FOR ANSWERS TO SUPPLEMENTAL INTERROGATORIES

1.      Please state the name of any person or entity who/which is responsible for operation, cleaning, maintenance, repair, service, management, and supervision of the property located at or in the immediate vicinity of the property at issue herein.

2.      State the name of any person or entity who performed any inspection or maintenance of the interior at the premises located at 300-400 Park Place Drive, Secaucus, NJ in 2019.

4

3.      Describe what efforts the defendant made to correct or warn of dangerous substances in the Walmart store in April of 2019.

4.      Did the defendant have any procedures for regular inspection of the subject premises at the time of the incident? If so, please describe such procedures in full detail.

5.      If the answer to supplemental interrogatory No. 4 is in the affirmative, please describe by who the inspections were performed and if any written procedure was followed and if the inspections were documented (please produce the written procedure and documentation of the inspections).

6.      If you are claiming any statutory or common law immunity please state the nature of the alleged immunity and the facts upon which you will rely to establish your claim.

7.      Provide the name and address of any (non-party) individuals or entities that you allege are responsible for the subject accident or plaintiffs alleged injuries. Please describe how you believe those individuals or entities are responsible.

8.      Do you have procedures which are intended to prevent Accidents such as Plaintiff suffered? If your answer is in the affirmative, then Identify all written procedures sufficiently so they may be subpoenaed, and describe all procedures that are not written.

## DEMAND FOR PRODUCTION OF DOCUMENTS

Pursuant to Rule 4:18-1, et seq., Plaintiff hereby demands that all defendants provide the following documents:

1.      Any and all statements or reports made by any person or entity concerning this civil action or its subject matter.

2.      Copies of any and all photographs and video footage in your possession of the property including the incident location, the alleged condition, or the parties involved in this accident.

3.      Copies of any and all estimates, bills, or invoices for work or repair done to the area where the incident occurred for five years prior and subsequent to the incident.

4.      Copies of any claims information bureau or other insurance claims searches or other documents referencing any prior or subsequent injuries and/or claims by the plaintiff.

5.      Copies of any statements made by any person with regard to the incident or having to do with the subject matter of this action.

6.      Copies of any and all expert reports, reports of diagnostic tests, hospital and medical records, X-rays, CAT scan films, MRI films and any other films and bills relating to any condition or injury sustained by the plaintiff.

7.      Copies of all written reports or summaries of oral reports of all expert or treating or examining physicians along with their curriculum vitae.

8.      Copies of any and all books, treatises, commentaries, reports, statutes, codes, ordinances, rules, regulations or other published documents referred to, utilized by or relied upon by any expert witness whom plaintiff/defendant intends to call at the time of trial.

9.      Copies of any and all documents, reports, correspondence, blue prints, charts, diagrams, drawings, graphs, maps, plats, plans, photographs, models or other visual reproductions of any object, place or thing prepared or utilized by, referred to or relied upon by any expert witnesses, whether or not you intend on calling them at the time of trial.

10.      Copies of any and all photographs, diagrams, charts, drawings, maps, plans or models or other visual reproductions of any object, place or thing related to this litigation.

11.      All documents, tangible evidence or other items relevant to the incident set forth in the plaintiff's complaint.

12.      All deeds for the Property, leases, contracts, work orders, proposals and invoices regarding any work done at the Property, and maintenance agreements and records regarding the Property.

13.      If you are not supplying any statement, report, medical record or other item requested herein, identify the item; indicate who has possession of the item; specify their address and state the reason why the items are not being provided.

14.      All documents referred to by defendant in providing discovery responses.

15.      Copies of any and all leases in effect on April 7, 2019 for the property located at or in the immediate vicinity of 300-400 Park Place Drive, Secaucus, NJ.

16.      Copies of any and all inspection logs maintained for the date of accident and one month prior to the date of accident.


## **DEMAND FOR DOCUMENTS PURSUANT TO RULE. 4:18-2**

Pursuant to R. 4:18-2, demand is hereby made for the production of all documents referred

to in the answer or any other responsive pleading within 5 days hereof.

## REQUESTS FOR ADMISSIONS

Pursuant to <u>R</u>. 4:22-1, Plaintiff hereby demands that you admit or deny the following statements:

1.     At the time of the incident, the property where the incident occurred was owned by the answering defendant.

2.     At the time of the incident, the property where the incident occurred was under the control/supervision of the answering defendant.

## DEMAND FOR DISCOVERY OF INSURANCE COVERAGE

Pursuant to R. 4:10-2 (b) demand is hereby made that you disclose to the undersigned whether there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.  If the answer is "yes" attach a copy of each or in the alternative state, under oath or certification (a) number (b) name and address of insurer or issuer (c) inception and expiration dates (d) names and addresses of all persons insured thereunder (e) personal injury limits (f) property damage limits (g) medical payment limits (h) name and address of person who has custody and possession thereof (i) where and when each policy or agreement can be inspected and copied., (j) excess coverage, (k) concurrent coverage, (l) umbrella policies.

**GINARTE GALLARDO
GONZALEZ & WINOGRAD, LLP**
Attorneys for Plaintiff

By:   */s/ Sean T. Payne*
          Sean T. Payne, Esq.

Dated: March 22, 2021

7

# Civil Case Information Statement

## Case Details: HUDSON | Civil Part Docket# L-001147-21

**Case Caption:** SOTO CEDENO ROBERTO  VS WALMART, INC.

**Case Initiation Date:** 03/22/2021

**Attorney Name:** SEAN T PAYNE

**Firm Name:** GINARTE GALLARDO GONZALEZ WINOGRAD, LLP

**Address:** 400 MARKET ST
NEWARK NJ 07105

**Phone:** 9738548400

**Name of Party:** PLAINTIFF : Soto Cedeno, Roberto

**Name of Defendant's Primary Insurance Company**
(if known): None

**Case Type:** PERSONAL INJURY

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?** NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: Roberto Soto Cedeno?** NO

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
    **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
    **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

03/22/2021
Dated

/s/ SEAN T PAYNE
Signed